M. J. LAHIFF, Appellee, v. MICHAEL KEVILLE, Appellant.

**SALES:** Entire or Severable Contracts. The placing of two horses in an auction ring, with equal warranty of each horse, and with the option to the bidder to take either horse at the price bid, or both horses at double the price bid, and a sale to one who elects to take both horses, justifies the jury in finding that the contract was entire, and not severable, and, therefore, rescindable as to *both* horses for breach of warranty as to *one* horse.

*Appeal from Webster District Court.*—H. E. FRY, Judge.

DECEMBER 14, 1918.

ACTION at law to recover the price paid for a span of horses, the contract of purchase having been rescinded by the purchaser for breach of warranty and false representation as to one of the horses. There was a verdict for the plaintiff, and judgment thereon. Defendant appeals.—*Affirmed.*

*D. E. Phelan,* and *Senneff, Bliss, Witwer & Senneff,* for appellant.

*Healy & Thomas,* for appellee.

EVANS, J.—At the close of the evidence, the defendant moved for a directed verdict, on the ground that it appeared conclusively from the evidence that the two horses in question were severally bought, and not jointly, and that a breach as to one did not authorize a rescission as to both.

This motion was overruled. The question whether the contract of purchase was severable or joint, was submitted to the jury. The one point presented for our consideration by the appellant is that his motion for a directed verdict ought to have been sustained.

The evidence was, in substance, that the purchase in question was made at a public sale held by the defendant. A span of black horses was brought into the ring, harnessed together. A full warranty, both as to soundness and as to working qualities, was announced. They were offered for sale, with a privilege to the bidder to select either one for the price offered, or both for double the price bid. The highest bid was that of the plaintiff, at $227. This bid being accepted, he elected to take both. He settled therefor, according to the terms of the sale, by giving his note for $454. Breach of warranty was discovered as to one of the horses, whereupon the plaintiff rescinded as to both.

Upon the foregoing evidence, was the defendant entitled to a directed verdict? We think not. Both parties concede that the question of severability of such a contract is one of the intention of the parties. This intention is often, if not usually, a question of fact. The most that the defendant was entitled to in this case was to have the question submitted to the jury as one of fact. We are not prepared to say that he was necessarily entitled to that much. The form of the offer of the horses was such that the bidder was not bound to disclose in advance his particular choice of the horses, if he was bidding on one only, nor was he required to disclose in advance whether he was bidding upon one or upon both. This was left to his declaration, to be made after the bidding had ceased. He had a right to reserve to himself the purpose of buying a matched span of horses. Only one warranty was tendered. It was so worded as to make it applicable to either horse, or both. Its final applicability was left to be determined by the ac-

ceptance of the purchaser. If it was one warranty before the purchase, it remained such afterward. The acceptance of the bid by the auctioneer did not complete the contract of sale. It still remained with the purchaser to declare his option. When he declared his option, the sale was completed. In view of the option thus given to the purchaser, his intention, rather than that of the seller, somewhat dominates the question of severability. It may be that the jury could have found that the plaintiff himself intended to purchase *two horses,* rather than *one span.* We are very clear, however, that the verdict rendered is well supported by the facts and circumstances appearing in evidence. The judgment below is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.